UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.: 1:23-cv-22395-KMM

THE SMILEY COMPANY SPRL,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## PLAINTIFF'S MOTION TO FILE UNDER SEAL

Plaintiff, The Smiley Company SPRL ("Smiley" or "Plaintiff"), by and through its undersigned counsel and pursuant to S.D. Fla. L.R. 5.4(b)(1), respectfully moves for an order allowing Plaintiff to file under seal Schedule "A" to Plaintiff's Complaint, which identifies the Defendants to the above-styled action, and in support thereof respectfully refers the Court to the following Memorandum of Law.

**MEMORANDUM OF LAW**

Good cause exists for the requested order. Plaintiff has learned that Defendants are engaged in the promotion, advertisement, distribution, offering for sale, and sale of goods bearing counterfeits and confusingly similar imitations of Plaintiff's trademarks as well as copies of Plaintiff's copyrighted works within this district, without authorization through various Internet based e-commerce stores. Defendants' counterfeiting and infringing activities are causing irreparable injury to Plaintiff and causing an overall degradation of the reputation and goodwill

associated with Plaintiff's brands and copyrighted works. Accordingly, Plaintiff is seeking *ex parte* relief in this action.

***Temporarily*** sealing these portions of the court file will prevent Defendants from prematurely receiving notice of Plaintiff's investigation into the operation of their illegal businesses. In light of the illicit nature of the counterfeiting business and the ability of counterfeiters to practically eliminate their evidentiary trails by conducting their business entirely over the Internet, Plaintiff has good reason to believe that providing advance notification of Plaintiff's claims would cause Defendants to hide or transfer their ill-gotten assets, inventory, and related records beyond the jurisdiction of this Court and thereby thwart the Court's ability to grant meaningful relief. *See Dell Inc. v. BelgiumDomains, LLC*, Case No. 07-22674, 2007 WL 6862341, at *5 (S.D. Fla. Nov. 21, 2007) (granting motion to seal where the defendants, who operate their counterfeiting business electronically, "will likely destroy evidence or move it out of the jurisdiction" if provided with advance notice of the plaintiff's filings).[1]

As all Defendants operate outside the United States and engage in illegal trademark counterfeiting activities and copyright infringement, Plaintiff has no reason to believe Defendants will make their assets available for or will adhere to the authority of this Court any more than they have adhered to federal trademark and copyright laws.

WHEREFORE, Plaintiff respectfully requests that Schedule "A" to Plaintiff's Complaint remain under seal until the Court has the opportunity to rule on Plaintiff's request for temporary

---

[1] Moreover, although not perfectly applicable here because Plaintiff is not seeking to *seize* any counterfeit goods, Congress has codified the need to proceed *ex parte* and under seal for certain civil counterfeit enforcement proceedings. *See* 15 U.S.C. § 1116(d)(8) (*ex parte* counterfeit seizure orders "shall be sealed until the person against whom the order is directed has had an opportunity to contest the order.")

*ex parte* relief and, if granted, the relief ordered therein has been effectuated. At that time, all pleadings and orders, will be made available to Defendants.

Date:   July 6, 2023                              Respectfully submitted by,

**Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Attorney Email address: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*